**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 19, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID W. IRONS,

      Petitioner - Appellant,

v.

AL ESTEP; ATTORNEY GENERAL
OF THE STATE OF COLORADO,

      Respondents - Appellees.

No. 08-1062
(D.C. No. 07-cv-02492-ZLW)
(D. Colo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.


Petitioner-Appellant David W. Irons, a state inmate appearing pro se, seeks

to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition for a writ

of habeas corpus.  Mr. Irons was convicted and sentenced in two cases in the

Arapahoe County District Court.  Judgments of conviction were entered in both

cases on April 11, 2000.  Mr. Irons challenges those convictions, contending that

the prosecutors did not properly file their oath of office with the Colorado

Secretary of State.[*]  The magistrate judge entered an order to show cause why the

---

[*] We determine that Mr. Irons's petition is time barred and therefore do not
reach its merits.

case should not be dismissed as time barred under 28 U.S.C. § 2244(d) and, after

Mr. Irons responded, the district court dismissed his petition. We deny Mr. Irons

a certificate of appealability (COA) and dismiss his appeal.

Our threshold issue is whether to grant Mr. Irons a COA. Mr. Irons cannot

appeal the district court's decision unless he "has made a substantial showing of

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Irons must

show "that jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling."

Slack v. McDaniel, 529 U.S. 473, 484 (2000). We consider this latter

requirement first.

Under 28 U.S.C. § 2244(d)(1), a one-year limitation period applies for

applications for a writ of habeas corpus by a person in custody pursuant to the

judgment of a state court. Pursuant to 28 U.S.C. § 2244(d)(1), this period begins

to run at the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Any time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending is tolled. 28 U.S.C. § 2244(d)(2).

Mr. Irons did not file a direct appeal with respect to his convictions, and the time in which he could file such an appeal expired in May 2000. Mr. Irons also did not file for any state post-conviction relief until December 2003. Therefore, the one-year limitation period expired in May 2001. On appeal, Mr. Irons contends that, under 28 U.S.C. § 2244(d)(1)(B), the state fraudulently misrepresented that the prosecutors filed oaths of office with the Colorado Secretary of State when they, in fact, had not. He contends that the district court erred in analyzing (and rejecting) the claim under 28 U.S.C. § 2244(d)(1)(D), which tolls the limitation period prior to when the factual predicate of the claim could have been discovered with due diligence.

The fact that state officials did not identify for Mr. Irons that the prosecutors may not have filed their oaths of office with the Colorado Secretary of State was not an impediment as contemplated under 28 U.S.C. § 2244(d)(1)(B). That section requires both that the state action constituting the impediment violate

the Constitution and prevent the petitioner from filing his claim. Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1331-32 (5th Cir. 2008). Neither showing has been made here. As observed by the district court, a lack of awareness of a claim does not necessarily mean that the claim was not discoverable. Indeed, Mr. Irons states that he overcame the state officials' alleged fraudulent misrepresentations when he filed an inquiry with the Colorado Secretary of State's Office, see Aplt. Br. at 2-3, but never alleges that he was impeded from filing such an inquiry earlier, only that he did not have "probable cause" for filing such an inquiry until November 2006, id. at 3. The district court's dismissal of Mr. Irons's case as time barred is therefore not debatable by reasonable jurists. See Slack, 529 U.S. at 484.

Accordingly, we DENY Mr. Irons a COA, DENY IFP status, and DISMISS his appeal.

Entered for the Court,


Paul J. Kelly, Jr.
Circuit Judge