FILED
United States Court of Appeals
Tenth Circuit

February 6, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID CORSON,

      Petitioner - Appellant,

v.

STATE OF COLORADO; COLORADO
ATTORNEY GENERAL,

      Respondents - Appellees.

No. 17-1204
(D.C. No. 1:16-CV-03133-LTB)
(D.Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

      Petitioner David Corson seeks a certificate of appealability to appeal the district

court's dismissal of his 28 U.S.C. § 2254 petition as time-barred.

      Petitioner pled guilty in Colorado state court to the crime of sexual assault on a

child. He was sentenced to probation for ten years to life. He successfully challenged his

plea and conviction on the ground that the state had withheld information it had about the

juvenile adjudication of his accuser (K.B.) for falsely reporting sexual assault in a prior

unrelated case, arguing that this rendered his guilty plea involuntary. The state then

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appealed to the Colorado Supreme Court, which overturned the appellate court's decision.

After various proceedings, including a four-day evidentiary hearing, the state post-conviction court determined that Petitioner, in fact, already knew about the false reporting before he pled guilty. This finding is presumed correct. 28 U.S.C. § 2254(e)(1) ("In a [§ 2254 proceeding], a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Petitioner has not presented any clear and convincing evidence that this finding was incorrect.

After exhausting his state court remedies, Petitioner filed a federal habeas corpus application claiming that the state violated his right to due process of law under the Fifth, Sixth, and Fourteenth Amendments to the Constitution by concealing exculpatory information in order to coerce a plea. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a habeas applicant has a one-year limitation period in which to file a § 2254 action, which is triggered by one or more of the subsections under 28 U.S.C. § 2244(d)(1). The question at issue here is whether the AEDPA time clock started pursuant to subsection (A), in which case Petitioner's habeas application was time barred, or whether the limitations period began pursuant to subsections (B) or (D), in which case Petitioner's application was timely.[1]

---

[1] It is undisputed that subsection (C) does not apply in this case.

Respondents argue that the habeas action was untimely under subsection (A), which sets a one-year time limit beginning on the date the judgment became final. Here, the judgment became final on November 10, 2003, which was Petitioner's last day to file a direct appeal. Petitioner's one-year habeas clock expired on November 11, 2004, but Petitioner did not file this application until December 20, 2016. Under subsection (A), the action was untimely.

Petitioner, in turn, argues that the time limit to file should be governed by subsections (B) and (D), which provide that the one-year clock starts on:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; [or]
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1)(B), (D). As the trial court summarized: Petitioner argues that under subsections (B) and (D), the limitation period began to run on May 3, 2007, when he first learned of K.B.'s false-reporting adjudication. If the time clock began to run on May 3, 2007, it was tolled on that same day because there was a properly filed post-conviction Crim. P. 35(c) motion pending. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). According to Petitioner, the AEDPA time clock was tolled until the Colorado Supreme Court issued its opinion on the post-conviction motion on May 16, 2016. Therefore, the time clock started running again on

3

May 17, 2016, and ran for 217 days, until December 20, 2016, when Petitioner filed the instant habeas application. Under such a calculation, the habeas application was timely filed.

"The unconstitutional state-created impediment referenced in [subsection (B)] relates to an impediment that prevents the filing of a federal court action." *Campbell v. Milyard*, 2009 WL 1916273, at *4 (D. Colo. June 30, 2009). In this case, Petitioner argues that the state-created impediment "was the prosecution lying to the Court and to the defense by withholding exculpatory and impeachment evidence, and representing that all such evidence had been turned over[.] This was in direct violation of my constitutional rights." (Appellant's App. at 237.) The state court's finding that Petitioner, in fact, knew of the evidence before he pled guilty makes this section inapplicable. *See, e.g.*, *Irons v. Estep*, 291 F. App'x 136, 138 (10th Cir. 2008) (internal citation omitted).

The same is true for subsection (D). Because Petitioner had knowledge of K.B.'s juvenile adjudication prior to pleading guilty, there was no "new evidence" discovered and subsection (D) does not apply. *See, e.g.*, *Jackson v. Symmes*, 2008 WL 1733122, at *3-4 (D. Minn. Apr. 10, 2008). Petitioner did not "discover" facts he already knew.

Petitioner's contention that he is entitled to equitable tolling is similarly unavailing. Petitioner fails to allege any facts in the application or the reply that might justify equitable tolling of the one-year limitation period with respect to his claims. Petitioner has not demonstrated that he pursued his claims diligently or that some extraordinary circumstances stood in his way preventing him from doing so. *See Holland*

4

*v. Florida*, 560 U.S. 631, 649 (2010). He also fails to demonstrate a claim of actual innocence. The instant action, therefore, is barred by the one-year limitation period under subsection (A).

After thoroughly reviewing Petitioner's brief and the record on appeal, we conclude that reasonable jurists would not debate the correctness of the district court's procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). We therefore **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal. We **GRANT** Petitioner's motion to proceed *in forma pauperis*.

Entered for the Court

Monroe G. McKay
Circuit Judge